IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERIC R. VAN LIEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-1606-N-BK |
| | § | |
| JENNIFFER M. HENDERSON, IRS | § | |
| REVENUE AGENT | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSION, and RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. (Doc. 1). The Court now considers the United States' *Motion to Dismiss Plaintiff's Mandamus Action*. (Doc. 6). For the reasons that follow, it is recommended that the motion be GRANTED.

### BACKGROUND

On May 5, 2012, the Internal Revenue Service ("IRS") served a notice of two levies on United Central Bank to collect the 1996-2007 federal income tax liabilities of Plaintiff, Frederic R. Van Liew. (Doc. 3 at 1; Doc 6). In addition to naming Plaintiff, the levies also named the entities EWA Marketing Group, LLC (EIN 20-0515642) and Trinisol (EIN 35-2395726). (Doc. 3; Doc 6). On May 23, 2012, Plaintiff filed the instant mandamus action, pursuant to 28 U.S.C. § 1361, against Defendant Jennifer Henderson, an IRS agent. (Doc. 3 at 1). Plaintiff avers that the two entities were included by Defendant in the levies with "no legal basis in law or fact." *Id*. He seeks an order from the Court compelling Defendant to "separate the entities that are not [the Plaintiff]" from the bank levies. *Id*

Movant, the United States, filed a *Motion to Dismiss Plaintiff's Mandamus Action* on

1

June 18, 2012 (Doc. 6), arguing that it is the real party in interest and that the court lacks subject matter jurisdiction over Plaintiff's claim because, *inter alia*, the relief Plaintiff seeks is not permitted under the mandamus statute and this action is barred by the Anti-Injunction Act. Plaintiff's response was due on or before July 9, 2012, if he opposed the motion. (N.D. Tex. L.R. 7.1). To date, Plaintiff has not responded.

## APPLICABLE LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1).[1] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Although section 1361 provides a limited waiver of sovereign immunity against the United States, that waiver is limited by the function of a mandamus action. *See McClain v. Panama Canal Comm'n*, 834 F.2d 452, 454 (5th Cir. 1987). A federal court exercising mandamus jurisdiction may order a federal agency or actor to perform a mandatory or ministerial duty imposed by law, but may not dictate the result or alter a substantive decision. *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990). Here, Plaintiff contends that the United States and its agent acted unlawfully, but not that they failed to perform a specific duty. Thus, the Court lacks jurisdiction to grant the relief sought.

Moreover, restraining the United States or its agents from collecting federal tax liabilities is expressly prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421. Section 7421 provides that, with a few limited exceptions, "no suit for the purpose of restraining the assessment or

---

[1] Federal courts may also raise *sua sponte* the issue of subject matter jurisdiction. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005).

collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The primary purpose of the statute is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Smith v. Rich*, 667 F.2d 1228, 1230 (5th Cir. 1982) (quoting *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974)). Here, Plaintiff's claim, that in effect seeks to restrain the collection of his income taxes, is barred the Anti-Injunction Act.

In any event, Plaintiff has failed to satisfy his burden of establishing federal jurisdiction in light of the government's arguments. Thus, the Court must presume that this suit lies outside its limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Movant's *Motion to Dismiss Plaintiff's Mandamus Action* (Doc. 6) be GRANTED and Plaintiff's case be DISMISSED with prejudice.

**SIGNED** on August 27, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE